## MALCOLM FISHER v. HILMER H. CLARKSON AND ANOTHER.[1]

March 2, 1951.

No. 35,355.

*Mahoney, Morrison & Cragg,* for appellants.
*Robins, Davis & Lyons* and *Harding A. Orren,* for respondent.

LORING, CHIEF JUSTICE.

This is an action brought by Malcolm Fisher against Hilmer H. Clarkson and his wife, Lorraine Clarkson, for personal in-

---

[1]Reported in 46 N. W. (2d) 665.

juries and property damage resulting from a collision between plaintiff's automobile and defendant Hilmer Clarkson's truck. The latter counterclaimed for damage to his truck. There was a jury trial, and a verdict was returned in favor of plaintiff, both on his claim and upon the counterclaim. Defendants moved for judgment notwithstanding the verdict or a new trial. This motion was denied, and defendants have appealed.

The collision here in dispute occurred at the intersection of Elliot avenue south and East Twenty-seventh street in the city of Minneapolis. Prior to the accident, plaintiff was driving west on East Twenty-seventh street, and defendant Lorraine Clarkson was driving north on Elliot avenue. Careful reading of the record discloses that there was conflicting evidence on the questions of plaintiff's speed in entering the intersection and as to whether he entered the intersection in the south or left lane of travel on East Twenty-seventh street.

■ Defendants' contention that as a matter of law plaintiff was guilty of contributory negligence is based upon the theory that the evidence was conclusive that he was in the left lane of traffic. In the face of conflicting evidence on this question and a lack of evidence that would compel a finding that plaintiff's position in the left lane was the proximate cause of the collision, this contention must fail.

■ However, since there was credible evidence that plaintiff was going more than 30 miles per hour, the court should have instructed the jury not only that a driver forfeits the right of way by traveling at an unlawful speed, but also that the absolute maximum lawful speed in municipalities is 30 miles per hour. The court having refused to give the latter instruction and having further erroneously stated that there was *no evidence that plaintiff's speed was excessive,* there was reversible error.

Since, for the reasons already stated, a new trial is required, it is unnecessary to discuss other alleged errors of which defendants have complained.

Reversed and new trial granted.